United States District Court
Southern District of Texas
**ENTERED**
February 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH JOHN FLORES, II,           §
                                  §
        Petitioner,               §
                                  §
v.                                §          CIVIL ACTION NO. H-15-1208
                                  §
LORIE DAVIS, DIRECTOR,            §
TEXAS DEPARTMENT OF CRIMINAL      §
JUSTICE, CORRECTIONAL             §
INSTITUTIONS DIVISION,            §
                                  §
        Respondent.               §

## ORDER ADOPTING RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 13) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment (Document No. 13) be GRANTED and that Petitioner's Application for Writ of Habeas Corpus (Document No. 1) be DENIED. Petitioner filed Objections (Document No. 24) to the Memorandum and Recommendation. Subsequently, Petitioner filed an Advisory to the Court (Document No. 25) notifying the Court that on January 25, 2017, the Texas Court of Criminal Appeals granted habeas corpus relief and set aside Petitioner's prior 2001 conviction for possession of methylenedioxy-methamphetamine (MDMA) in the amount of 4 grams or more but less than 400 grams in light of newly discovered

laboratory analysis that reflected Petitioner possessed on that occasion fewer than 4 grams of MDMA, a third degree felony rather than the second degree felony to which Petitioner had pled guilty. Both the State and the trial court agreed to this relief. It was this prior conviction that was admitted against him in his 2010 trial.

This recent judgment of the Texas Court of Criminal Appeals setting aside Petitioner's 2001 conviction does not affect the standard of review that applies in this Court in reviewing his Petition on his 2010 convictions. The Memorandum and Recommendation of the Magistrate Judge reflects that the Texas Court of Appeals, which affirmed Petitioner's instant convictions, had found that it was error to admit in evidence Petitioner's prior 2001 conviction for impeachment purposes, but, in assessing the totality of the record, concluded that it had no substantial injurious effect or influence in determining the jury's verdict. The Texas Court of Appeals found:

> In his testimony, [Petitioner] admitted to knowingly possessing, at the time the officers executed the search warrant, "a lot" of hydrocodone, Xanax and codeine with the intent to deliver the narcotics. He also admitted to knowingly possessing steroids for personal use and MDMA with the intent to deliver it. [Petitioner's] Ledger, which tracked various narcotics transactions was admitted into evidence, and he further admitted to being a narcotics user and dealer since he was 17 or 18 years old. Thus, the prejudicial effect arising from the admission of [Petitioner's] prior [9 years old] conviction of felony possession of MDMA was mitigated by his own testimony. We cannot conclude that the admission

of his prior conviction had a substantial or injurious
effect or influence in determining the jury's verdict.
Accordingly, we hold that the trial court's error in the
admission of [Petitioner's] prior conviction for
possession of MDMA was harmless.

Memorandum and Order at 19, quoting <u>Flores v. State</u>, Nos. 01-10-00531-CR, 01-10-00532-CR, 01-10-00534-CR, 2013 WL 709100 *11-*13 (Tex. App.--Houston [1st Dist.] Feb. 26, 2013).

The recent decision by the Texas Court of Criminal Appeals that Petitioner in effect properly should have been charged in 2001 with a third degree felony (for fewer than 400 grams of MDMA) instead of the second degree felony to which he pled guilty, does not change the Texas Court of Appeals's findings that the erroneous admission of the conviction, which at the time had not been vacated, did not have a substantial or injurious effect or influence on the jury's verdict.  It is this latter finding that the Magistrate Judge found was not an objectively unreasonable determination by the Texas courts such as to warrant relief to Flores under Section 2254(d)(1).  That conclusion remains valid.

The Court, after having made a *de novo* determination of Respondent's Motion for Summary Judgment, Petitioner's Response (Document No. 21), Petitioner's Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and Petitioner's Objections thereto, and the recently filed Advisory to the Court, is of the opinion that the findings and recommendations of the

3

Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety.  Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge filed on December 19, 2016, which is adopted in its entirety as the opinion of this Court, as supplemented by the above analysis of Petitioner's Advisory to the Court (Document No. 25), that Respondent's Motion for Summary Judgment (Document No. 13) is GRANTED, and Petitioner's Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED with prejudice.  It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604;

4

Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001).   When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.   A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.   Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, the Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists would not debate the correctness of the substantive rulings.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas on this 7th day of February, 2017.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

5